UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANA KUIPER, | ) |
|         Plaintiff, | ) CASE NO. C04-1728-MJB[1] |
| v. | ) MEMORANDUM OPINION |
| JO ANNE BARNHART, Commissioner of Social Security, | ) |
|         Defendant. | ) |

Plaintiff Diana Kuiper appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Supplemental Security Income benefits under Title XVI of the Social Security Act. For the reasons set forth below, the Commissioner's decision shall be REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for award of benefits.

I. PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income ("SSI") benefits on April 18, 2001. Tr. 68-71. Plaintiff alleged that she became disabled in May, 1993, due to a bad back following an accident on the job in 1984 and a car accident in 1993, depression, and pain. Tr. 74. Her application for benefits was denied initially (Tr. 34, 36-39) and on reconsideration (Tr.

---

[1] Pursuant to the consent of the parties, this case has been referred to the undersigned in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13.

MEMORANDUM OPINION
Page - 1

1  35, 42-44). Plaintiff made a timely request for a hearing, which was held before Administrative
2  Law Judge ("ALJ") Arthur Joyner on September 6, 2002. Tr. 304-349. Plaintiff, who was
3  represented by counsel, testified at the hearing. Tr. 308-341. A medical expert ("ME"),
4  William Spence, M.D., and a vocational expert ("VE"), William Weiss, also testified at the
5  hearing. Tr. 342-348. The ALJ issued a decision on December 4, 2002, finding that Plaintiff
6  was not disabled. Tr. 26, 27. The Appeals Council denied Plaintiff's request for review, making
7  the ALJ's decision the final decision of the Commissioner. Tr. 5-7. Plaintiff timely filed her
8  appeal with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the Commissioner's decision and award immediate payment of benefits, or in the alternative, remand for further administrative proceedings. Plaintiff argues that the ALJ erred by: 1) failing to give legally sufficient reasons for rejecting the opinions of Plaintiff's treating pain specialist; 2) failing to properly evaluate the opinions of Plaintiff's treating psychiatrist; 3) failing to provide legally sufficient reasons for rejecting the opinions of an examining psychologist; 4) relying too heavily on the opinions of the non-examining state agency physician; 5) improperly evaluating the medical expert's testimony; and 6) failing to provide clear and convincing reasons for finding Plaintiff not credible. The Commissioner concedes that her decision was not supported by substantial evidence. However, the Commissioner argues that the appropriate remedy is remand for rehearing and further administrative proceedings. The Commissioner also asserts a willingness to accept court sponsored and monitored mediation to work out appropriate further proceedings.

## III. STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the

MEMORANDUM OPINION
Page - 2

record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## IV.  EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423 (d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.1520. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments. If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.* at § (c). At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. A claimant who meets one of the listings is disabled. *See Id.* at § (d).

MEMORANDUM OPINION
Page - 3

1    At step four, if the claimant's impairment neither meets nor equals one of the impairments
2    listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity
3    and the physical and mental demands of the claimant's past relevant work. *Id.* at § (e). If the
4    claimant is not able to perform his or her past relevant work, the burden shifts to the
5    Commissioner at step five to show that the claimant can perform some other work that exists in
6    significant numbers in the national economy, taking into consideration the claimant's residual
7    functional capacity, age, education, and work experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d
8    1094, 1100 (9th Cir. 1999). If the Commissioner finds the claimant is unable to perform other
9    work, then the claimant is found disabled.

## V. SUMMARY OF THE RECORD EVIDENCE

Plaintiff was 41 years old at the time of the hearing before the ALJ. She has a GED and prior work experience as a deli worker, data entry clerk, delivery driver, fish processor and prep cook. Tr. 75-80, 98-105. In her Stipulation and Pre-hearing Statement, Plaintiff listed her severe impairments as chronic back pain, depression and anxiety, fibromyalgia syndrome, and chronic migraine headaches. Tr. 135. She last worked in 1993. Tr. 74, 336. Plaintiff testified that she feels like she is unable to work because she is "in pain 24/7" and that has increased her immobility. Tr. 325. Additional evidence relevant to Plaintiff's allegations is incorporated into the discussion below.

## VI. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability. Tr. 20, 26. At step two, the ALJ found that Plaintiff has the following severe impairments: a back disorder, fibromyalgia, migraine headaches, major depression, and dysthymic disorder. Tr. 20-21. At step three, the ALJ determined that these impairments did not meet or equal the Listings. Tr. 22, 27.

MEMORANDUM OPINION
Page - 4

In assessing Plaintiff's residual functional capacity, the ALJ concluded that Plaintiff is limited to a sedentary level of physical exertion with additional restrictions. Tr. 23, 27. Adopting limitations identified by a medical consultant for the Disability Determination Service (DDS), the ALJ concluded that Plaintiff could carry 10 pounds occasionally and less than 10 pounds frequently; she could sits for 6 hours during an 8-hour workday and stand/walk 2 hours during the same period, with a sit/stand option. Although she is precluded from climbing ladders, scaffolds and ropes, she is able to occasionally climb stairs, balance, stoop, kneel, crouch and crawl; and she should not work at heights or around hazards. Tr. 23. The ALJ also found that Plaintiff's depression and dysthymia restricts her to limited public contact. *Id.* At step four, the ALJ found that Plaintiff is unable to perform her past relevant work. Tr. 25, 27. At step five, relying on the testimony of the VE, the ALJ determined that Plaintiff retains the capacity for work that exists in significant numbers in the national economy, including semi-conductor bonder and table sorter. Tr. 26, 27. Therefore, the ALJ concluded that Plaintiff was not disabled at any time through the date of the decision. *Id.*

## VII. DISCUSSION

The Commissioner concedes that the ALJ erred in his analysis and that his decision should be reversed. Thus, the remaining question is whether to remand for further administrative proceedings or for immediate payment of benefits. The decision whether to remand a case for additional evidence or simply to award benefits is in the Court's discretion. *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The Court may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Swenson v.*

//

//

MEMORANDUM OPINION
Page - 5

*Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). In determining when evidence should be credited and an immediate award of benefits directed, the Court applies the following test:

> 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harmon v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The decision to remand for further proceedings depends on the utility of such proceedings. *Id.* at 1179.

A. <u>The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting the Opinions of Dr. Baumeister</u>.

Plaintiff argues that the ALJ erroneously evaluated the opinions of her treating pain specialist, John Baumeister, D.O., who began treating Plaintiff in November, 2000. Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Clear and convincing" reasons are also required to reject the treating doctor's ultimate conclusions. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. *See Lester*, 81 F.3d at 830; *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989).

At issue in the present case are two opinions by Dr. Baumeister, one dated December 27, 2000, and the other dated March 30, 2001. In the December, 2000 opinion, Dr. Baumeister indicated that Plaintiff has degenerative joint disease of the spine and fibromyalgia syndrome with comorbid conditions. Tr. 172. Dr. Baumeister opined that Plaintiff "is probably able at this point to withstand *part-time* employ in a sedentary job position." *Id.* (emphasis added). In

MEMORANDUM OPINION
Page - 6

March, 2001, Dr. Baumeister completed a Physical Evaluation form regarding Plaintiff for the Washington Department of Social and Health Services. Tr. 142-143. This form includes an assessment section that required Dr. Baumeister to answer certain questions based on how Plaintiff's medical conditions affect her overall residual ability to perform *at least half-time* in a normal work day setting. Tr. 143 (emphasis added). In response to one of those questions regarding the exertional level that the person could perform, Dr. Baumeister opined that Plaintiff could perform at a sedentary work level, with no overhead work and reaching. *Id.* Additionally, Dr. Baumeister estimated that Plaintiff's inability to perform at least half-time in a normal day-to-day work setting would be "permanent." *Id.*

As support for his conclusion that Plaintiff can perform sedentary work, the ALJ appears to rely on Dr. Baumeister's opinion when the ALJ states, "Dr. Baumeister reported in March 2001 that the claimant could work at the sedentary level as long as she did not have to perform overhead reaching." Tr. 23. However, ALJ fails to discuss that portion of Dr. Baumeister's March, 2001 opinion indicating that Plaintiff is permanently unable to perform "at least half-time" in a normal day-to-day work setting.[2] Likewise, the ALJ completely omits any discussion of Dr. Baumeister's December, 2000 opinion indicating that Plaintiff could only "withstand part-time employ" in a sedentary job. Moreover, the Commissioner concedes that the ALJ erred when he took these opinions by Dr. Baumeister to indicate that Plaintiff could perform "full-time" sedentary work. Def.'s Memorandum Requesting Remand, Dkt. #14 at p. 5.

---

[2]The ALJ also relied on the opinion of Robert Hoskins, M.D., a DDS medical consultant, who reviewed and affirmed a Physical Residual Functional Capacity Assessment of Plaintiff that was prepared by another DDS medical consultant. *See* Tr. 230-235. The physical RFC acknowledged and purported to giving controlling weight to Dr. Baumeister opinion on Plaintiff's ability to do "sedentary work with no overhead work or reaching," but it also failed to mention the "part-time" component of Dr. Baumeister's opinion. Tr. 232.

MEMORANDUM OPINION
Page - 7

In light of these facts, the Commissioner contends that the ALJ needs to recontact Dr. Baumeister to clarify his opinions and to update the records with a medical source statement. *Id.* However, this Court agrees with Plaintiff 's response that there are no ambiguities in Dr. Baumeister's December, 2000 and March, 2001 opinions, and no reasonable fact finder could conclude that by "part-time" or "at least half-time" work Dr. Baumeister actually meant "full-time" work. Accordingly, I conclude that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting these opinions by Dr. Beaumeister.

When an ALJ fails to provide specific and legitimate reasons for rejecting the opinion of an examining physician, the Court must credit the opinion as a matter of law. *Lester*, 81 F.3d at 830-31, 834. Here, the ALJ failed to fully evaluate Dr. Baumeister's opinions, and therefore, this Court credits the opinions as true.

C. <u>The Record is Fully Developed and There Are No Outstanding Issues Which Must Be Resolved Before a Determination of Disability Can Be Made.</u>

The Commissioner advances several arguments about why the record is not sufficiently developed and further proceedings are necessary. The Commissioner argues that further proceedings are necessary to: evaluate Plaintiff's mental impairments in accordance with the special technique outlined in 20 C.F.R. § 416.920a, clarify Dr. Baumeister's opinion, re-evaluate other medical source opinions, re-evaluate Plaintiff's credibility, and, after the evidence is clarified and reexamined, reconsider whether Plaintiff is able to perform substantial gainful activity in a significant number of jobs existing in the national economy. Dkt. #14. As is true in nearly every case, there are issues which could be clarified on remand. However, the relevant inquiry is not whether additional clarification could be obtained if the case were remanded, or even whether that clarification might be useful. Instead, the Court must consider whether there

MEMORANDUM OPINION
Page - 8

are any outstanding issues that *must be resolved before a determination of disability can be made*. Harman, 211 F.3d at 1178.

The Court finds that the record is sufficiently developed to make a determination regarding Plaintiff's disability. The record contains ample documentation of Plaintiff's medical conditions that the ALJ found to be severe, including a back disorder, fibromyalgia, migraine headaches, major depression, and dysthymic disorder. As noted above, as a result of the back condition and fibroymalgia, Plaintiff's treating pain specialist, Dr. Baumeister opined that she could only work part-time. Additionally, both parties acknowledge that Dr. Michael Deming, Plaintiff's treating psychiatrist noted that Plaintiff's "inability to achieve gainful employment is due to her severe chronic pain syndrome and fibromyalgia" (Tr. 141), and he opined that her chronic back pain is permanently disabling (*see e.g.*, Tr. 147, 300). The record also reflects that Kevin Morris, Psy.D., who performed a consultative psychological/psychiatric evaluation of Plaintiff in April, 2002, found that Plaintiff's conditions resulted in marked limitations in four functional areas, including: 1) ability understand, remember and follow complex (more than two step) instructions; 2) ability to exercise judgment and make decisions; 3) ability to interact appropriately in public contacts; and 4) ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. Tr. 254. These opinions are not contradicted.

The VE testified that a person who, like Plaintiff, is unable to respond appropriately to and tolerate the pressures and expectations of a normal work setting would be unable to work if the limitation was severe enough. Tr. 348. Furthermore, the Commissioner concedes that the ALJ failed to give sufficient reasons for rejecting Plaintiff's subjective claims, and the VE testified that if Plaintiff's testimony is taken as fully credible, there would be no jobs. Tr. 347. None of the allegedly outstanding issues identified by the Commissioner undermine this

important evidence. Accordingly, the Court finds that the record is sufficiently developed to make a determination regarding Plaintiff's disability.

D. <u>Once the Evidence is Properly Credited, Plaintiff is Disabled on the Existing Record</u>

At step five of the sequential evaluation process, the claimant's RFC is used to determine whether the individual is able to do other work, considering his or her age, education, and work experience. Social Security Ruling ("SSR") 96-8p defines RFC as an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a "regular and continuing basis," which means 8 hours a day, for 5 days a week, or an equivalent work schedule. Accordingly, under SSR 96-8p, a claimant who can perform only part-time work is eligible for benefits. *See Bladow v. Apfel*, 205 F.3d 356, 359 (9th Cir. 2000); *Kelley v. Apfel*, 185 F.3d 1211, 1214-15 (11th Cir. 1999); *see also, Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (claimant was capable of working only four hours per day, and the court concludes the capability to work only a few hours per day does not constitute substantial gainful activity). Thus, when Dr. Baumeister's opinion that Plaintiff is permanently "unable to perform at least half-time in a normal day-to-day work setting" is credited as true, it is clear the ALJ would be required to find Plaintiff disabled. Accordingly, the court finds that payment of benefits is appropriate.

Plaintiff contends that the ALJ's decision contains additional errors of law. Although those arguments may have merit, there is no need to address them because the Court has found that Plaintiff is disabled at step five based on the existing record.

VIII. CONCLUSION

Based on the foregoing, because the Court finds that the ALJ's decision is not supported by substantial evidence. Additionally, the record has been fully developed, further proceedings would serve no useful purpose, and the properly credited evidence shows that Plaintiff is

1  disabled. Therefore, this Court REVERSES the Commissioner's decision and REMANDS this

2  matter to the Commissioner for payment of benefits.

3       DATED this 29th day of September, 2005.

<br>

                                                   /s/ M. J. Benton
                                            Monica J. Benton
                                            United States Magistrate Judge